## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLIONIS, EASTERN DIVISION

| | |
|---|---|
| In Re: | ) |
| | ) |
| DAMIR ARA | ) |
| | ) NO. 13 B 41509 |
| | ) |
| Debtor | ) |
| | ) Chapter 13 |
| | ) |
| | ) |
| | ) Honorable Judge Pamela S. Hollis |

### NOTICE OF MOTION

TO:  See Attached Service List

**PLEASE TAKE NOTICE** that on **August 12, 2015 at 9:30 a.m.**, the undersigned will appear before the **Honorable Pamela S. Hollis** or whatever judge that may be sitting that day at the Dirksen Federal Building, 219 S. Dearborn, Room 644, Chicago, IL 60604 and will then and thise present the attached **DEBTOR'S MOTION PURSUANT TO 11 U.S.C. § 362 FOR SANCTIONS AND DAMAGES FOR VIOLATIONS OF THE AUTOMATIC STAY AND 11 U.S.C. § 524 DISCHARGE INJUNCTION AND FED. R. BANKR. P. 9020 FOR CIVIL CONTEMPT AGAINST & EGAN, LLC AND BMO HARRIS BANK, N.A. FOR VIOLATIONS OF THE AUTOMATIC STAY AND DISCHARGE INJUNCTION,** at which time you may appear if you so choose.

### Certificate of Service

I, Paul M. Bach, hereby certify that I caused a copy of this notice to those listed on the attached service list by the method stated., and attached Motion upon the above parties on August 5, 2015, before the hour of 5:00 p.m. from the office located at 900 Jorie Blvd., Ste 150, Oak Brook, IL 60523.

                                                 BY: /S/ PAUL M. BACH
                                                 SULAIMAN LAW GROUP
                                                 COUNSEL FOR DEBTOR
                                                 900 JORIE BOULEVARD, SUITE 150
                                                 OAK BROOK, IL 60523
                                                 PHONE: (630) 575-8181
                                                 FAX: (630) 575-8188
                                                 ATTORNEY NO: 6209530

1

## SERVICE LIST

| | |
|---|---|
| Damir Ara<br>3710 N. Bell Street, Apt. 2<br>Chicago, Illinois 60018 | BY FIRST CLASS MAIL |
| Office of the United States Trustee<br>219 S. Dearborn, Room 873<br>Chicago, Illinois 60604 | BY ECF MAIL |
| William Downe, CEO<br>BMO Harris Bank, N.A.<br>111 West Monroe Street<br>Chicago, IL 60603 | BY CERTIFIED MAIL |
| Jeff Ellis, Executive VP, General Counsel<br>BMO Harris Bank, N.A.<br>111 West Monroe Street<br>Chicago, IL 60603 | BY CERTIFIED MAIL |
| Adham Alaily<br>Ehrenberg & Egan LLC<br>321 N. Clark St., Suite 1430<br>Chicago, IL 60654 | BY ECF ELECTRONIC MAIL<br>AND FIRST CLASS MAIL |
| Marilyn O Marshall<br>224 South Michigan Ste 800<br>Chicago, IL 60604 | BY ECF ELECTRONIC MAIL |
| Ehrenberg & Egan, LLC<br>C/O RA Alan Ehrenberg<br>321 North Clark Street Suite 1430<br>Chicago, Illinois 60654 | BY FIRST CLASS MAIL |
| Ehrenberg & Egan, LLC<br>321 North Clark Street Suite 1430<br>Chicago, Illinois 60654 | BY FIRST CLASS MAIL |
| David M. Schultz<br>Lindsay A.L. Conley<br>Hinshaw & Culbertson LLP<br>222 North LaSalle Street Suite 300<br>Chicago, Illinois 60601-1081 | BY FIRST CLASS MAIL |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHISN DISTRICT OF ILLIONIS, EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| DAMIR ARA ) | |
| ) | NO. 13 B 41509 |
| ) | |
| Debtor ) | |
| ) | Chapter 13 |
| ) | |
| ) | |
| ) | Honorable Judge Pamela S. Hollis |

**DEBTOR'S MOTION PURSUANT TO 11 U.S.C. § 362 FOR SANCTIONS AND DAMAGES FOR VIOLATIONS OF THE AUTOMATIC STAYAND 11 U.S.C. § 524 FOR VIOLATIONS OF THE DISCHARGE INJUNCTION AND FED. R. BANKR. P. 9020 FOR CIVIL CONTEMPT AGAINST EHRENBERG & EGAN, LLC AND BMO HARRIS BANK, N.A. FOR VIOLATIONS OF THE AUTOMATIC STAY AND DISCHARGE INJUNCTION**

**NOW COMES** the Debtor, DAMIR ARA ("Ara"), through the undersigned attorneys, bringing this motion pursuant to 11 U.S.C. § 362 and § 524 seeking sanctions and damages for violations of the automatic stay and discharge injunction and Fed. R. Bankr. P. 9020 for civil contempt against Ehrenberg & Egan, LLC ("E&E ") and BMO Harris Bank, N.A. ("Harris"), and in support thereof, states as follows:

### NATURE OF THE ACTION

1) Ara brings this motion against Harris and E&E for actual and punitive damages for their actual willful violations of the automatic stay and discharge injunction. After the automatic stay was in effect, Harris and E&E collected upon a debt included in Ara's bankruptcy by obtaining an In Personam Deficiency Judgment against Ara while the bankruptcy case was pending and the automatic stay was in effect.

3

## JURISDICTION AND VENUE

2) Jurisdiction to determine violations of the automatic stay and the discharge injunction under 11 U.S.C. § 362 and § 524 is conferred upon this Court pursuant to 28 U.S.C. §§ 157 and 1334 in that this proceeding arises out of the above-captioned Chapter 13 case under Title 11. This matter is a core proceeding and therefore this Honorable Court has jurisdiction to enter a final order.

3) Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b), 1408, and 1409 as Harris's and E&E's post automatic stay conduct and actions to collect upon the debt occurred in this District, the subject property is situated in this District, and this proceeding arises out of the Chapter 13 case filed in this District.

## PARTIES

4) Ara is a natural person over 18 years of age who currently resides at 3710 N. Bell Apt. 2, Chicago, Illinois.

5) Respondent Harris is a National Association banking institution with its principal place of business in Chicago, Illinois. Harris is in the business of originating, servicing, and collecting mortgage loans in the state of Illinois.

6) Respondent E&E is a law firm with a principal office located in Chicago, Illinois.

7) Harris hired E&E for the purpose of facilitating the collection of a debt and property included in Ara's bankruptcy. Harris had a consensual, agency relationship with whereby Harris (as the principal) had the right to control the activities of E&E (as the agent) and E&E had the authority to act on behalf of Harris.

8) Harris, as the principal of E&E is liable for the acts of E&E with regard to Ara.

4

## FACTS SUPPORTING CAUSE OF ACTION

9) On or about June 22, 2006, Ara obtained a mortgage loan ("subject debt") from Harris N.A. to fund the purchase of the property located at 6860 W. Lincoln Avenue, Lincolnwood, Illinois 60712 ("subject property").

10) At all times relevant to this action, the subject debt was owned and serviced by Harris, NA now known as BMO Harris Bank, NA ("Harris").

11) The subject property is encumbered by a mortgage in favor of Harris

12) On or about July 2012, Ara defaulted on the subject debt.

13) On November 13, 2012, E&E, as counsel for Harris, caused to be filed a foreclosure complaint in the Circuit Court of Cook County, Illinois against Ara to enforce its rights on the defaulted subject loan. *See* attached Exhibit A, a true and correct copy of the Cook County Court docket.

14) On October 23, 2013, Damir Ara filed for relief under Chapter 13 of Title 11 of the United States Code, case number 13-41509, in the Northern District of Illinois.

15) Upon the filing of the bankruptcy case, the Automatic Stay pursuant to 11 U.S.C §362 came into effect as to Damir Ara and the Co-Debtor Stay pursuant to 11 U.S.C §1301 came into effect. *See* attached Exhibit B, a true and correct copy of the Notice of Bankruptcy Case Filing.

16) Harris was duly scheduled on Schedule D of Damir Ara's bankruptcy petition as a secured creditor arising from the mortgage encumbering the subject property. *See* attached Exhibit C, a true and correct copy of Schedule D of Damir Ara's bankruptcy petition.

17) On October 23, 2013, Damir Ara filed his Original Chapter 13 Plan with the Bankruptcy Court. *See* attached Exhibit F, a true and correct copy of Ara's Chapter 13 Plan filed with the Bankruptcy Court.

18) On October 25, 2013, E&E, on behalf of Harris, filed a Motion for Relief from the Automatic Stay and Co-Debtor Stay. *See* attached Exhibit D, a true and correct copy of the Motion for Relief from the Automatic Stay without attachments (Notice of Motion and Motion only).

19) On October 27, 2013, and as a direct result of Harris being listed as the creditor for the mortgage, the Bankruptcy Noticing Center ("BNC") served Harris and E&E with the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines at various mailing addresses. *See* attached Exhibit E, a true and correct copy of the BNC's Certificate of Notice establishing service of the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines upon Harris and E&E.

20) On October 27, 2014, as a direct result of Harris and E&E being listed as the creditor for the mortgage, the Bankruptcy Noticing Center ("BNC") served Harris and E&E with the Chapter 13 Plan. *See* attached Exhibit G, a true and correct copy of the BNC's Certificate of Notice establishing service of Damir Ara's Original Chapter 13 Plan upon Harris and E&E.

21) On November 13, 2013, Harris, via E&E, appeared in the Court on its previously filed Motion for Relief from the Automatic Stay and Co-Debtor Stay. The Court granted the Motion as to Ranka Ara but the Debtor is not mentioned by name in the November 13, 2013 order. *See* attached Exhibit H, a true and correct copy of the Order entered on November 13, 2013.

22) The November 13, 2013 stated in part:

> IT IS HEREBY ORDERED: 1) The automatic stay and co-debtor stay with regard to **Ranka Ara** is hereby modified in favor of BMO Harris Bank, N.A. with regard to property known as: 6860 N. Lincoln Avenue, Lincolnwood, IL 60712 , and as such, BMO Harris Bank, N.A. f/k/a Harris N.A. is permitted to take any action to foreclose on the property as allowed or required by Illinois law. Rule 4001(a)(3) is waived.

No mention is made in the November 13, 2013 order of the Debtor. E&E and Harris were never given permission by the Bankruptcy Court in the November 13, 2013 order to take any action except to "take any action to foreclose on the property as allowed or required by Illinois Law."

23) On February 5, 2014, Ara's Chapter 13 Plan was Confirmed as well as an Order Modifying the October 23, 2013 Chapter 13 Plan. *See* attached Exhibit I, a true and correct copy of the Orders entered on February 5, 2014 confirming the Chapter 13 Plan and Modifying the Chapter 13 Plan filed on October 23, 2013.

24) On March 17, 2014, Harris filed a secured Proof of Claim in the total amount of $272,251.28 pursuant to its mortgage. *See* attached Exhibit J, a true and accurate copy of Harris's Proof of Claim filed with the Bankruptcy Court.

25) On August 1, 2014, the E&E filed and mailed Ara, via his state court attorney, a Motion for Order Approving Report of Sale and Distribution and for Order of Possession in violation of 11 U.S.C. §§362. The Motion requested a personal deficiency judgment against Damir Ara. *See* attached Exhibit K, a true and accurate copy of the Motion sent by E&E on behalf of Harris on August 1, 2014.

26) On November 7, 2014, E&E appeared on behalf of Harris in Cook County Circuit Court and entered an Order Approving Report of Sale and Distribution, Confirming Sale and Order of Possession (the "Order"). The Order entered an In Personam Deficiency

Judgment against Damir Ara in the amount of $190,224.05. A Memorandum of Judgment was entered on November 7, 2014 as well. *See* attached Exhibit L, a true and accurate copy of the Order Approving Report of Sale and Distribution, Confirming Sale and Order of Possession and the Memorandum of Judgment.

27) On March 18, 2015, the Bankruptcy Court entered an Order of Discharge in Plaintiff's Chapter 13 Bankruptcy case. *See* Exhibit M attached hereto, a true and correct copy of the Bankruptcy Order of Discharge.

28) On April 1, 2015, after receiving a copy of a lawsuit (Northern District of Illinois Case 15-cv-2767) brought by the Debtor as Plaintiff against E&E and Harris, Attorney Adham Alaily of E&E contacted the undersigned on behalf of E&E and Harris. At that time, E&E and Harris should have been aware that the deficiency judgment was improper and a violation of the Discharge Injunction.

29) Since April 1, 2015, E&E and/or Harris have made no attempt to vacate the deficiency judgment. According to the public records, this deficiency judgment exists and is effective. In reality the deficiency judgment is invalid and a clear violation of both the automatic stay and discharge injunction.

30) Adham Alaily of E&E has stated to the undersigned that any Order modifying the Automatic Stay allows a valid in personam deficiency judgment to be taken against a Debtor. In essence, it is the position of E&E and Harris, that a bankruptcy proceeding and subsequent discharge is irrelevant once an Order Modifying the Automatic Stay has been entered.

31) Unfortunately for E&E and Harris, the effect of the automatic stay and discharge injunction do not operate as believed by E&E and Harris. In fact, the automatic stay and discharge injunction prohibits E&E and Harris from entering the deficiency judgment.

32) Concerned about these violations of his rights and protections afforded by the Chapter 13 bankruptcy case, Ara sought the assistance of counsel to ensure that E&E and Harris' collection efforts cease.

33) Ara suffered emotional distress and anxiety as a result of E&E and Harris' actions.

34) Ara was unduly inconvenienced and harassed by E&E and Harris' unlawful attempts to collect a debt that could not legally be collected.

35) Ara expended time and incurred expenses going to court and meeting with his counsel as a result.

## LEGAL STANDARD

### Section 11 U.S.C. § 362

36) Pursuant to 11 U.S.C. § 362(a) the automatic stay enjoins any action to collect, assess, or recover a claim against the debtor that arose before the commencement of the case. The automatic stay further prohibits any personal in personam collection action. 11 U.S.C. §362.

37) The principal purpose of the Bankruptcy Code is to grant a "fresh start" to the "honest but unfortunate debtor." *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367 (2007).

38) "When a creditor engages in conduct which violates the automatic stay, with knowledge that a bankruptcy petition has been filed, it can be considered a willful violation of the stay subjecting a creditor to damages under § 362(h)." *In re Stamps,* 2000 WL 1706897, at *4 (Bankr.N.D.Ill. 2000).

9

39) A willful violation does not require a showing that the creditor specifically intended to violate the automatic stay, or that the creditor believed that its actions were justified. *Id.*

40) "Moreover, when a willful violation of the stay is found, the Code provides the Debtor to recover damages, including attorneys' fees and costs...." *Id.* at *4.

41) The court in *In re Curtis*, 322 B.R. 470, 483 (Bankr.D Mass.2005) stated:

> The automatic stay and discharge injunction are cornerstones of bankruptcy law. They are, respectively, a fundamental debtor protection and a fundamental debtor objective. The automatic stay assists debtors in regaining his financial footing by allowing them to do so free from collection efforts. And, having successfully completed the bankruptcy process, discharge provides debtors with a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt. But the automatic stay and automatic stay must be enforced to provide any meaningful protection or incentive.

42) Punitive damages are especially appropriate when a party acts in "clear disregard and disrespect of the bankruptcy laws." *In re Vazquez*, 221 B.R. 222, 231 (Bankr.N.D.Ill.1998). The Supreme Court suggests that punitive damages of four to ten times the amount of compensatory damages may be appropriate for willful disregard of the bankruptcy automatic stay. *Id.*

43) Punitive damages are awarded in response to particularly egregious conduct for both punishment and deterrent purposes. Such awards are reserved for cases in which the E&E's conduct amounts to something more than a bare violation justifying compensatory damages or injunctive relief. *Id.*

44) In determining if punitive damages are appropriate, the court has looked to (1) the nature of the creditor's conduct; (2) the creditor's ability to pay damages; (3) the motive of the

creditor; (4) any provocation by the debtor; as well as (5) the creditor's sophistication and knowledge of bankruptcy law and procedure. *Sumpter* at 845.

45) Furthermore, "[c]orporations can be liable for punitive damages because of acts of their agents if the corporation authorized the doing and the manner of the act of its agent." *Vazquez*, 221 B.R. at 230. A creditor's size and complexity is not an excuse for violations of the automatic stay. *Id.* at 228.

**Section 11 U.S.C. §524**

46) Pursuant to 11 U.S.C. § 524(a)(2), a discharge order "operates as an injunction" against acts to collect discharged debts.

47) Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge." *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 915 (7th Cir. 2001).

48) "If the court finds that the creditor received notice of the discharge in bankruptcy, then the debtor will have to prove only that the creditor intended the actions which violated the injunction." *Faust v. Texaco Ref. and Mktg, Inc.*, 270 B.R. 310, 315 (Bankr.M.D.Ga.1998).

### ARGUMENT

### Violations of the Automatic Stay & Discharge Injunction

49) Harris and/or E&E committed violations of the automatic stay by entering a In Personam Deficiency Judgment against Ara, in violation of the Automatic Stay and subsequently the Discharge Injunction.

50) As a sophisticated creditor, Harris and/or E&E are more than familiar with bankruptcy procedures and the law regarding the automatic stay and discharge injunction.

11

51) Harris and/or E&E had actual knowledge of the automatic stay/discharge injunction and the ramifications of its collection activity and entry of a deficiency judgment.

52) However, Harris and/or E&E willfully chose to ignore the automatic stay and obtain a In Personum Deficiency Judgment against Ara in violation of the sections 362(a)(1), (2) and (6) because the Creditors were acting to enforce their pre-petition claim. Further, their actions were the continuation and completion of the state court judicial proceeding against the Debtor which had been commenced before the filing of the bankruptcy petition.

53) The continuing nature of Harris and/or E&Es' collection efforts are also a violation of the discharge injunction because the debt they are seeking to collect upon was discharged. Moreover, Harris and E&E were made aware of this problem on April 1, 2015 and have not yet taken any action whatsoever to vacate the deficiency judgment.

54) Harris and/or E&E willfully and egregiously deprived Ara of the fundamental protections afforded by automatic stay and discharge injunction of the Bankruptcy Code. *See* 11 U.S.C. § §362 and 524.

55) Harris's conduct violates the automatic stay and discharge injunction constituting civil contempt of this Honorable Court's own orders.

56) Harris's actions amount to a flagrant and willful disregard of the automatic stay/discharge injunction as set forth in 11 U.S.C. § 362(a) and the discharge injunction set forth in 11 U.S.C. §524.

**Harris and/or Ehrenberg & Egan, LLC's conduct is perpetual, willful, and wanton**

57) Despite having actual knowledge of Ara's bankruptcy, Harris committed multiple egregious violations of the automatic stay and later the discharge injunction by failing to

cease collection efforts as evidenced by the deliberate and conscious entry of an In Personum Deficiency Judgment.

58) The automatic stay is designed to relieve the debtor of financial pressure and allow him a breathing spell from creditors, as well as to preserve the relative positions of the creditors. *In re Seaton*, 462 B.R. 582 (Bankr.E.D.Virg. 2001).

59) Based on the broad language of the Code and prevailing Bankruptcy case law, Harris and/or E&E willfully sought to collect a debt from Ara in violation of the automatic stay and discharge injunction, thus warranting sanctions and punitive damages to deter future conduct of a similar nature.

60) Harris and/or E&E had knowledge of the automatic stay through multiple notices from the BNC and from the undersigned.

61) The conduct of Harris and/or E&E in this case substantially frustrated the purposes of the automatic stay/discharge injunction and caused Ara unwarranted and unnecessary time, effort, and expense in seeking to enforce his rights afforded by the Bankruptcy Code.

62) This pattern and practice of routinely violating the automatic stay demonstrates egregious behavior in arrogant defiance of the protections afforded to Ara under the law.

63) As a result Harris's misconduct, Ara incurred damages, including (a) the loss of time, (b) the frustration, aggravation, and emotional pain associated with the repeated collections attempts, (c) having a public record of the Deficiency Judgment, (d) affects on his credit report and, (e) his costs and attorney's fees.

64) Ara is entitled to actual damages, attorney's fees, and costs for Harris and/or E&Es' willful violation of the automatic stay. Ara is also entitled to punitive damages for Harris and/or E&Es' arrogant defiance of the Bankruptcy Code and its provisions.

**WHEREFORE**, the Debtor, DAMIR ARA, having set forth his claims for relief against Harris and/or Ehrenberg & Egan, LLC, respectfully pray of the Court as follows:

a. That this Honorable Court enter an order holding Harris and/or E&E in violation of the automatic stay pursuant to 11 U.S.C. §362 and discharge injunction pursuant to 11 U.S.C. §524 and in civil contempt of the automatic stay and discharge injunction;
b. That this Honorable Court enter an order directing Harris and/or E&E to pay Ara for his actual damages as a result of the violations of the automatic stay pursuant to 11 U.S.C. § 362 and its civil contempt of the automatic stay and/or discharge injunction;
c. That this Honorable Court enter an order directing Harris and/or E&E to pay Ara punitive damages for the violations of the automatic stay pursuant to 11 U.S.C. § 362 and its civil contempt of the automatic stay and/or discharge injunction;
d. That this Honorable Court enter an order directing Harris to pay Ara his reasonable legal fees and expenses for violations of the automatic stay and/or discharge injunction pursuant to 11 U.S.C. § 362 and its civil contempt of the automatic stay/discharge injunction; and
e. That Ara be provided such other and further relief as the Court may deem just and proper.

August 5, 2015

Respectfully Submitted,

/s/ Paul M. Bach
Paul M. Bach, Esq. #6209530
Counsel for Debtor
Sulaiman Law Group, Ltd.
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
(630) 575-8181