**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | Case No. 13 B 41509 |
| Damir Ara, | ) | Judge Pamela S. Hollis |
| | ) | |
| Debtor. | ) | |

**NOTICE OF FILING**

To:  See Attached Service List

  **PLEASE TAKE NOTICE** that on Wednesday, September 2, 2015, the undersigned caused to be filed with the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, located at the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, 60604, **BMO HARRIS BANK, N.A.'S RESPONSE TO DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §362 FOR SANCTIONS AND DAMAGES FOR VIOLATIONS OF THE AUTOMATIC STAY AND 11 U.S.C. §524 FOR VIOLATIONS OF THE DISCHARGE INJUNCTION AND FED.R.BANKR.P. 9020 FOR CIVIL CONTEMPT**, a copy of which is attached hereto and is hereby served upon you.


Dated:  September 2, 2015

            BMO HARRIS BANK, N.A.


            By:  /s/  William S. Hackney
              One of its attorneys


William S. Hackney, ARDC No. 06256042
SMITHAMUNDSEN LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois  60601
Telephone:  312.894.3200
whackney@salawus.com

## CERTIFICATE OF SERVICE

    I, William S. Hackney, an attorney, hereby certify that I caused true and correct copies of the attached Notice of Filing and BMO Harris Bank, N.A.'s Response to Debtor's Motion Pursuant to 11 U.S.C. §362 for Sanctions and Damages for Violations of the Automatic Stay and 11 U.S.C. §524 for Violations of the Discharge Injunction and Fed.R.Bankr.P. 9020 for Civil Contempt to be served upon the attached service list via the United States Bankruptcy Court for the Northern District of Illinois' electronic filing system or via First Class United States Mail, postage pre-paid, on this the 2nd day of September, 2015.

                                        */s/ William S. Hackney*

## SERVICE LIST

Adham Alaily
Ehrenberg & Egan LLC
321 N. Clark St., Suite 1430
Chicago, IL 60654

Paul M. Bach
Sulaiman Law Group, Ltd.
900 Jorie Boulevard
Suite 150
Oak Brook, IL 60523

Mohammed O. Badwan
Sulaiman Law Group, LTD
900 Jorie Blvd Ste 150
Oak Brook, IL 60523

## VIA FIRST CLASS MAIL

Lindsay A.L. Conley
Hinshaw & Culbertson LLP
222 North LaSalle Street, Suite 300
Chicago, IL  60601-1081

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | Case No. 13 B 41509 |
| Damir Ara, | ) | Judge Pamela S. Hollis |
| | ) | |
| Debtor. | ) | |

**BMO H**ARRIS **B**ANK, **N.A.'**S **R**ESPONSE TO
**D**EBTOR'S **M**OTION **P**URSUANT TO **11 U.S.C. §362** FOR **S**ANCTIONS
AND **D**AMAGES FOR **V**IOLATIONS OF THE **A**UTOMATIC **S**TAY AND **11 U.S.C. §524** FOR
<u>**V**IOLATIONS OF THE **D**ISCHARGE **I**NJUNCTION AND **F**ED.**R.B**ANKR.**P. 9020** FOR **C**IVIL **C**ONTEMPT</u>

Now comes BMO Harris Bank, N.A. ("BMO Harris"), by and through its counsel, and for its Response to Debtor's Motion Pursuant to 11 U.S.C. §362 for Sanctions and Damages for Violations of the Automatic Stay and 11 U.S.C. §524 for Violations of the Discharge Injunction and Fed.R.Bankr.P. 9020 for Civil Contempt (the "Sanctions Motion"), states as follows:

**INTRODUCTION**

BMO Harris did not violate either the automatic stay or the discharge injunction in this case. Despite the Debtor's assertions to the contrary, BMO Harris proceeded with its state court foreclosure action only after obtaining court authority to do so. On November 13, 2013, this Court issued a stay relief order in favor of BMO Harris permitting it to proceed with its foreclosure action.

The Debtor also argues that BMO Harris was not authorized to obtain a deficiency judgment against him in the foreclosure proceeding. The stay relief order and existing case law, however, allow BMO Harris to obtain a personal deficiency judgment against the Debtor provided the same is authorized under Illinois state law and BMO Harris takes no further steps to enforce the personal deficiency judgment. The Debtor does not and cannot allege that BMO Harris took any steps to enforce the deficiency judgment because it did not. BMO Harris has done nothing to violate either the

4

automatic stay or the discharge injunction by continuing with its mortgage foreclosure case or by simply obtaining a deficiency judgment against the Debtor under state law.

In addition, because BMO Harris did not violate the automatic stay, the Debtors do not and cannot allege any actual damages as required under 11 U.S.C. §362(k).

Therefore, the Sanctions Motion must be denied.

## BACKGROUND

On November 13, 2012, BMO Harris initiated a mortgage foreclosure case against Damir Ara and others by filing a one count complaint in the Circuit Court of Cook County, Chancery Division under case number 2012 CH 41163 (the "Foreclosure Action"). The Complaint in the Foreclosure Action named Damir Ara, Ranka Ara, Hajrudin Ara, unknown owners and non-record claimants as defendants and in addition to a request for a judgment of foreclosure and sale, specifically requested the entry of a personal deficiency judgment against all of the defendants, including Damir Ara (the "Complaint"). Under Illinois law, BMO Harris was required to seek a deficiency judgment in the Complaint or risk waiving its right to one.

On October 23, 2013, nearly a year after the commencement of the Foreclosure Action, Damir Ara (the "Debtor") filed a petition for relief under chapter 13 of the United States Bankruptcy Code [11 U.S.C. §§101, *et seq*.](the "Bankruptcy Code"). The Debtor listed BMO Harris as a secured creditor in his schedules in an amount in excess of $270,000.00. BMO Harris has since filed a proof of claim evidencing a secured claim of $272,251.28 (the "BMO Harris Proof of Claim"). The Debtor did not object to the BMO Harris Proof of Claim.

On October 25, 2013, BMO Harris filed a Motion for Relief from the Automatic Stay and Co-Debtor Stay (the "Stay Relief Motion"). *See* Dkt. No. 10. The Stay Relief Motion alleged that the Debtor intended to surrender the real estate which was the subject of the Foreclosure

5

Action and that stay relief was therefore warranted under §362(d)(1) of the Bankruptcy Code. The Stay Relief Motion also alleged that BMO Harris was not adequately protected because there was no equity in the subject real estate. Additionally, the Stay Relief Motion alleged that relief from the co-debtor stay was appropriate pursuant to §1301(c)(2) because the Debtor's chapter 13 plan did not propose to pay BMO Harris' claim. The Debtor did not object to the Stay Relief Motion.

On November 13, 2013, this Court entered an order granting the Stay Relief Motion (the "Stay Relief Order"). A copy of the Stay Relief Order is attached hereto as <u>Exhibit A</u>. *See also* Dkt. No. 14. The Stay Relief Order reads in relevant part, "[t]he automatic stay and co-debtor stay with regard to Ranka Ara is hereby modified in favor of BMO Harris Bank, N.A., with regard to property known as: 6860 N. Lincoln Avenue, Lincolnwood, IL 60712, and as such, BMO Harris Bank, N.A. f/k/a Harris, N.A. is permitted to take any action to foreclose on the property as allowed or required by Illinois law." The Debtor did not appeal the Stay Relief Order.

On August 1, 2014, BMO Harris filed a Motion for Order Approving Report of Sale and Distribution and for Order of Possession (the "Confirmation Motion"). A copy of the Confirmation Motion, along with a notice of motion, was served upon the Debtor. The notice of motion of the Confirmation Motion contains a sentence in all capitalized, bolded letters advising that a deficiency judgment was being sought against the Debtor. As requested in the Complaint in the Foreclosure Action, and in accordance with the Illinois Mortgage Foreclosure Law, the Confirmation Motion itself also specifically requested a personal deficiency judgment against the Debtor. Neither the Debtor nor his counsel contacted BMO Harris to voice any objection to the relief requested in the Confirmation Motion.

6

On August 26, 2014, the Chapter 13 Trustee filed a motion to dismiss the Debtor's chapter 13 case for failure to make plan payments (the "Motion to Dismiss"). *See* Dkt. No. 20.

On November 7, 2014, Circuit Judge Meyerson entered an order granting the Confirmation Motion (the "Confirmation Order"). The Confirmation Order entered an *in personam* deficiency judgment against the Debtor in the amount of $190,224.05 plus interest (the "Deficiency Judgment") and on the same date the court entered a Memorandum of Judgment reflecting the Deficiency Judgment (the "Memorandum of Judgment"). BMO Harris has not taken any further action on either the Deficiency Judgment or the Memorandum of Judgment.

On November 26, 2014, after both the Deficiency Judgment and Memorandum of Judgment had been entered, the Chapter 13 Trustee withdrew the Motion to Dismiss (*See* Dkt. No. 27) and on March 19, 2015, the Debtor was granted a discharge under §1328(a) of the Bankruptcy Code (*See* Dkt. No. 32).

On March 30, 2015, over three (3) months after entry of the Deficiency Judgment and Memorandum of Judgment, less than two (2) weeks after obtaining his discharge, and without ever having contacted BMO Harris or its attorneys about the entry of the Deficiency Judgment or the Memorandum of Judgment, the Debtor filed a federal lawsuit against Ehrenberg & Egan, LLC ("Ehrenberg & Egan")(BMO Harris' lawyers) and BMO Harris alleging violations of the Fair Debt Collection Practices Act (the "FDCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act (the "ICFA")(the "District Court Acton").

The Debtor alleged in count one of his complaint in the District Court Action that Ehrenberg & Egan violated the FDCPA by proceeding with the Foreclosure Action without relief from the automatic stay and by obtaining a deficiency judgment against the Debtor. The Debtor

7

alleged in count two of his complaint in the District Court Action that BMO Harris violated the ICFA by the exact same actions.

On July 31, 2015, Ehrenberg & Egan filed an Answer in the District Court Action as to count one against it. On that same date, BMO Harris filed a Motion to Dismiss in the District Court Action as to count two against it (the "Motion to Dismiss"). On August 5, 2015, the Debtor filed the Sanctions Motion in front of the Bankruptcy Court. On August 14, 2015, the District Court granted the Motion to Dismiss and dismissed count two against BMO Harris.

ARGUMENT

I. **The Stay Relief Order granted BMO Harris relief from the automatic stay under 11 U.S.C. §362 and it separately granted BMO Harris relief from the co-debtor stay under 11 U.S.C. §1301 with regard to the non-bankrupt, co-debtor Ranka Ara.**

The Debtor argues in the Sanctions Motion that BMO Harris never obtained relief from the automatic stay to proceed with the Foreclosure Action against the Debtor. A cursory glance at the Stay Relief Motion and Stay Relief Order proves this to be untrue. The Stay Relief Motion clearly seeks relief from both the automatic stay under §362(d) *and* the co-debtor stay "[w]ith regard to the non-bankruptcy [sic] co-debtor Ranka Ara" under §1301(c). Similarly, the Stay Relief Order modifies the automatic stay *and* the co-debtor stay "with regard to Ranka Ara." The Debtor's only justification for such a seemingly bizarre assertion given the very existence of the Stay Relief Order is that "the Debtor is not mentioned by name" in the Stay Relief Order. It is a poor justification for a poor argument.

The Debtor mistakenly asserts that the inclusion of the phrase "with regard to Ranka Ara" in the Stay Relief Order means that both the automatic stay and the co-debtor stay operated as to Ranka Ara only and therefore BMO Harris never got the automatic stay applicable to the Debtor modified. The Debtor is incorrect. The automatic stay applies by its own terms to the Debtor

8

and to property of the estate. 11 U.S.C. §362(a). Conversely, the co-debtor stay applies to any creditor liable with the Debtor on any consumer obligation. 11 U.S.C. §1301(a). Thus, the inclusion of the phrase "with regard to Ranka Ara" in the Stay Relief Order can only and does only modify the co-debtor stay language. The Stay Relief Order's reference to the automatic stay inherently applied to the Debtor and to the property of his estate and not to any non-bankrupt co-debtor such as Ranka Ara. It would have been redundant and unnecessary for the Stay Relief Order to include language specifying that the automatic stay was being modified as to the Debtor because the automatic stay imposed by §362(a) does not generally extend to parties other than the debtor without a court order so extending it. *See generally, C.H. Robinson Co. v. Paris & Sons, Inc., et al.*, 180 F.Supp.2d 1002 (N.D.Ia. 2001).

II.  **The Stay Relief Order also authorized BMO Harris to obtain a deficiency judgment against the Debtor because if requested, a deficiency judgment is required under Illinois mortgage foreclosure law.**

The Stay Relief Order provides that BMO Harris "is permitted to take any action to foreclose on the property as allowed or required by Illinois law." The Illinois Mortgage Foreclosure Law [735 ILCS 5/15-1501, *et seq.*](the "IMFL") states that "[i]n any order confirming a sale pursuant to the judgment of foreclosure, the court shall also enter a personal judgment for deficiency against any party (i) if otherwise authorized and (ii) to the extent requested in the complaint and proven upon presentment of the report of sale in accordance with Section 15-1508." 735 ILCS 5/15-1508(e).

As §1508(e) makes clear, the entry of a deficiency judgment is part and parcel of the mortgage foreclosure process under Illinois law and in fact, the entry of a deficiency judgment is a requirement of §1508(e) to the extent requested in the mortgage foreclosure complaint ("the court *shall* also enter a personal judgment") (emphasis added). The Complaint in the

9

Foreclosure Action, which was filed prior to the filing of the bankruptcy action, specifically requested a personal judgment for any deficiency and therefore, once the automatic stay had been modified to allow the Foreclosure Action to proceed, the Illinois state court was required by law to enter a deficiency judgment against the Debtor.

Case law from around the country supports this conclusion. In *In re Tyler*, 166 B.R. 21 (Bankr.W.D.N.Y. 1994), the Bankruptcy Court denied a motion by a secured creditor for an unsecured deficiency claim after the secured creditor failed to obtain a deficiency judgment under applicable New York mortgage foreclosure law. New York law required a mortgage holder to confirm a foreclosure sale and request the entry of a deficiency judgment within 90 days after the deed had been transferred. The mortgage holder was granted relief from the automatic stay to proceed with his foreclosure action but never requested the entry of the deficiency judgment as required by New York state law. The Bankruptcy Court held that requesting the deficiency judgment as required under New York law was implicitly authorized when it modified the automatic stay to allow the foreclosure to proceed. "When…this Court modifies or terminates the automatic stay provided by section 362 to allow a party to commence or continue a pending state court mortgage foreclosure proceeding against a debtor's real property, it is the Court's expectation that it has modified or terminated the stay for the completion of all related state court mortgage foreclosure proceedings, including the establishment of any deficiency judgment, unless any such state court proceedings are specifically excepted by the order." *In re Tyler*, 166 B.R. 21, 25 (Bankr.W.D.N.Y. 1994). *See also In re Wright*, 486 B.R. 491 (Bankr.D.Az. 2012)(quoting *Tyler*). In Illinois, obtaining a deficiency judgment, if requested in a mortgage foreclosure complaint, is not only a related but a

required mortgage foreclosure proceeding, and thus would have been authorized by the Stay Relief Order.

Similarly, in *Interbusiness Bank, N.A. v. First National Bank of Mifflintown*, 328 F.Supp.2d 522 (M.D.Penn. 2004), the District Court found that a Bankruptcy Court order granting the creditor relief from the automatic stay triggered the limitations period for the creditor to file a petition to fix value under Pennsylvania state mortgage foreclosure law and when that creditor did not file the petition to fix value within the period, it was thereafter barred from doing so. The order granting the creditor relief from the stay in *Interbusiness* allowed it "to exercise its rights and remedies under state law against…the Debtor's real property." The District Court held that the petition to fix value "relates directly to the foreclosure of the property and quite clearly constitutes one of the creditor's 'rights and remedies' against the debtor's real estate under state law." *Id*. at 527. The right to seek and obtain a personal deficiency judgment is similarly one of the rights and remedies "allowed or required by Illinois law" under the Stay Relief Order.

In fact, under Illinois law, obtaining a deficiency judgment when one is requested in a mortgage foreclosure complaint is so intertwined with a mortgage foreclosure proceeding that if a deficiency judgment is sought in a mortgage foreclosure complaint but not actually obtained in the order confirming the foreclosure sale, the creditor may be barred from ever obtaining such a judgment under the doctrine of *res judicata*. *See, e.g. Skolnik v. Petella*, 376 Ill. 500(1941). While long the law in Illinois, the danger in not obtaining a deficiency judgment in a confirmation order when one had been requested in a mortgage foreclosure complaint was recently reinforced in *LSREF2 Nova Investments III, LLC v. Coleman*, 2015 IL App (1st) 140184.

In *Coleman*, the mortgagee filed a single-count mortgage foreclosure complaint seeking a

11

judgment to foreclose the mortgage and sought a personal judgment for any deficiency. The circuit court entered a judgment of foreclosure and also found that if there was a deficiency due after sale, that the mortgagee shall be entitled to a deficiency judgment against the mortgagor [Coleman]. A judicial sale was subsequently held and the circuit court granted the mortgagee "an IN REM deficiency judgment" in the order confirming the sale. When the mortgagee later sought to obtain a personal judgment against Coleman on the promissory note that was secured by the mortgage, the circuit court dismissed its complaint finding the attempt to obtain the *in personam* deficiency judgment was barred by the doctrine of *res judicata*. The Appellate Court confirmed finding that the mortgagee "having pursued its remedy for a personal deficiency judgment in the mortgage foreclosure case, is precluded from now seeking a personal deficiency solely on the promissory note in this consecutive action." *Id.* at *P19. The Appellate Court summed up the danger of failing to obtain a personal deficiency judgment in a mortgage foreclosure action when one had been requested in a complaint as follows – "where the circuit court had personal jurisdiction over defendant to enter a personal deficiency judgment against her pursuant to *section 15-1508(e)* of the Foreclosure Law based on plaintiff's request for a personal deficiency judgment in its foreclosure complaint, plaintiff's subsequent claim for the amount of the deficiency as determined in the foreclosure suit as a result of the sale of the property is barred by the doctrine of *res judicata*…." *Id.* at *P29.

Thus, obtaining a personal deficiency judgment when one has been requested in a mortgage foreclosure complaint is so enmeshed in the mortgage foreclosure process in Illinois that when the Stay Relief Order authorized BMO Harris "to take any action to foreclose on the property as allowed or required by Illinois law" it implicitly authorized BMO Harris to obtain the personal deficiency judgment against the Debtor.

12

BMO Harris requested a personal deficiency judgment against the Debtor in its one count Complaint. Had BMO Harris not proceeded to obtain a personal deficiency judgment against the Debtor in the Confirmation Order, under Illinois law it would have been forever barred from obtaining such a personal deficiency judgment against the Debtor, which in this case was a real risk given the fact that the Chapter 13 Trustee's Motion to Dismiss the Debtor's bankruptcy was pending at the time it obtained the deficiency judgment. Had BMO Harris proceeded to obtain a confirmation order in the Foreclosure Action without a personal deficiency judgment against the Debtor, and the Chapter 13 Trustee's Motion to Dismiss the Debtor's bankruptcy case been granted, BMO Harris would have been forever barred from asserting those claims against the Debtor. Such a result would be unfair, unjust and unintended given the underlying purpose and rationale of the automatic stay.

### III. BMO Harris has taken no actions whatsoever on the deficiency judgment against the Debtor.

BMO Harris has taken no steps whatsoever to enforce the personal deficiency judgment it obtained against the Debtor. As noted in both *Tyler* and *Interbusiness*, the right to obtain the personal deficiency judgment does not authorize the creditor to enforce the judgment. The granting of stay relief simply allows the creditor to do what it could have done to obtain the deficiency judgment under state law. "Although a party which has had a deficiency judgment fixed by the state court pursuant to [New York foreclosure law] after the stay provided by Section 362 has been modified cannot enforce that judgment against a debtor…the Court does expect that the right to any deficiency judgment and the amount of the same will be fixed as part of the applicable state court mortgage foreclosure proceedings…." *Tyler* at 25. BMO Harris has done no more.

13

IV.  **The discharge injunction did not bar the mere existence of the personal deficiency judgment nor does BMO Harris' failure to vacate the existing personal deficiency judgment amount to an intentional action to violate the discharge injunction.**

"The party seeking contempt sanctions for violation of the discharge injunction has the burden of proving, by clear and convincing evidence, that the sanctions are justified." *In re Nash*, 464 B.R. 874, 880 (B.A.P. 9th Cir.). "To prove that a sanctionable violation of the discharge injunction has occurred, the debtor must show that the creditor: '(1) knew the discharge injunction was applicable and (2) intended the actions which violated the injunction'." *Id*. quoting *Espinosa v. United Student Aid Funds, Inc.*, 553 F.3d 1193 (9th Cir. 2008). The Debtor has not met and cannot meet its burden here. First, the Debtor has not shown and cannot show that BMO Harris knew the discharge injunction was applicable to the mere existence of the personal deficiency judgment. The reason the Debtor has not demonstrated this first prong to the Court is that he cannot. The mere existence of the personal deficiency judgment – which was obtained by BMO Harris some four (4) months prior to the Debtor obtaining his discharge – could not violate the discharge injunction. The Debtor certainly has not put forth any evidence or case law to show that it could.

Second, the Debtor has not shown that BMO Harris intended to violate the discharge injunction by failing to vacate the personal deficiency judgment. BMO Harris most certainly did not intend to violate any discharge injunction whether by action or inaction. More importantly, the Debtor has not shown that BMO Harris believed the discharge injunction prohibited the mere existence of the personal deficiency judgment. And only after the Debtor established that fact (by clear and convincing evidence) could the Debtor hope to establish that BMO Harris' failure to vacate the personal deficiency judgment was an intentional act to violate the discharge injunction. The Debtor has not alleged facts anywhere near sufficient to show either of those

14

two things, let alone evidence to establish them by a clear and convincing standard, and thus any request for damages resulting from a violation of the discharge injunction must fail.

**V.     The Debtor has suffered no actual injury.**

Section 362(k) of the Bankruptcy Code allows an individual injured by any willful violation of a stay to recover actual damages, including costs and attorneys fees, and in appropriate circumstances, punitive damages. "[T]wo elements are necessary to recover damages under §362. First, there must be a violation of §362(a)'s automatic stay provision. Second, there must be an actual resultant injury." *Aiello v. Providian Financial Corp.*, 257 B.R. 245, 249 (N.D.Ill. 2000). "Actual damages for purposes of section 362(h)[1] should only be awarded if there is evidence supporting the award of a definite amount which may not be predicated upon mere speculation. Once a party has proven that he has been damaged, he needs to show the amount of damages with reasonable certainty. *See Doe v. United States,* 976 F.2d 1071, 1085 (7th Cir. 1992); *see also Alberto* 119 B.R. at 995. A party seeking damages must prove them using methodologies that need not be intellectually sophisticated. *Schiller & Schmidt, Inc. v. Nordisco Corp.,* 969 F.2d 410, 415 (7th Cir. 1992). Still, a damage award cannot be based on mere speculation, guess or conjecture. *Adams Apple Distr. Co. v. Papeleras Reunidas, S.A.,* 773 F.2d 925, 930 (7th Cir.1985)." *In re Sumpter*, 171 B.R. 835, 844 (Bankr.N.D.Ill. 1994).

Here, the Debtor's only allegations on damages include his "loss of time", "the frustration, aggravation, and emotional pain associated with the repeated collection attempts", "having a public record of the Deficiency Judgment", "affects on his credit report" and "his costs and attorneys fees." It is difficult to imagine allegations more based on speculation, guess or conjecture than these. The Debtor himself certainly makes no attempt to quantify these vague

---

[1] As this Court is well aware, §362(h) was the precursor to the Bankruptcy Code's current §362(k).

15

assertions. Moreover, despite requesting relief under Fed.R.Bankr.P. 9020, the Debtor makes no attempt at all to comply with Local Rule 9020-1, by providing an affidavit detailing and listing his monetary damages. Both the Debtor's failure to allege actual damages and his failure to comply with Local Rule 9020-1 are fatal to the Debtor's motion and it must therefore be denied in its entirety.

## CONCLUSION

Despite the Debtor's beliefs to the contrary, BMO Harris sought and obtained relief from the automatic stay so that it could proceed with its previously filed state court mortgage foreclosure action. The Stay Relief Order not only granted BMO Harris relief from the automatic stay and from the co-debtor stay as to Ranka Ara, but also specifically allowed it to take "any action" in the Foreclosure Action as allowed or required under Illinois law, including but not limited to obtaining a personal deficiency judgment.

BMO Harris did not violate the automatic stay by obtaining, and nothing more, a personal deficiency judgment against the Debtor as it was allowed and required to do under Illinois law. In addition, with the Chapter 13 Trustee's Motion to Dismiss the Debtor's entire case still pending, BMO Harris' failure to obtain the deficiency judgment, as required by Illinois law, would have barred BMO Harris from seeking those amounts from the Debtor had his case been dismissed for any reason.

Nor did BMO Harris violate the discharge injunction by not immediately vacating the personal deficiency judgment it obtained prior to the Debtor's discharge. BMO Harris did only what it was authorized and required to do under the IMFL to obtain the personal deficiency judgment and has taken (and will take) no further actions to enforce that judgment.

16

Consequently, there have been no automatic stay or discharge injunction violations and no conduct that warrants any sort of sanction in this matter.

Finally, the Debtor's claims also fail for the fundamental reason that he does not and cannot allege any actual damages as required under 11 U.S.C. §362(k) and thus the Sanctions Motion should be denied in its entirety.

Dated: September 2, 2015

                          BMO HARRIS BANK, N.A.

                          By: */s/ William S. Hackney*
                                One of its attorneys

William S. Hackney, ARDC No. 06256042
SMITHAMUNDSEN LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
Telephone: 312.894.3200
whackney@salawus.com