**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLIONIS, EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| DAMIR ARA | ) | |
| | ) | NO. 13 B 41509 |
| | ) | |
| Debtor | ) | |
| | ) | Chapter 13 |
| | ) | |
| | ) | |
| | ) | Honorable Judge Pamela S. Hollis |

**DEBTOR'S REPLY IN SUPPORT OF HIS MOTIONS FOR CIVIL CONTEMPT
AGAINST EHRENBERG & EGAN, LLC ("E&E ") AND BMO HARRIS BANK, N.A.
("HARRIS"), FOR VIOLATIONS OF THE AUTOMATIC STAY AND DISCHARGE
INJUNCTION**

**NOW COMES** the Debtor, DAMIR ARA ("Ara"), through the undersigned attorneys,

bringing this reply in support of his motion for civil contempt against Ehrenberg & Egan, LLC

("E&E ") and BMO Harris Bank, N.A. ("Harris") (collectively, "Respondents"), for violations of

the automatic stay and discharge injunction and in support thereof, states as follows:

**INTRODUCTION**

Respondents' response in opposition to Ara's Motion for Civil Contempt completely

misinterprets the Bankruptcy Code and demonstrates that Respondents have little understanding

of Bankruptcy Code, Rules and Procedures.  Unfortunately for Respondents, the onus to comply

with a court order (the Automatic Stay and Discharge Injunction) is on them and any attempt to

shift blame must fail. The Debtor has performed all of the duties as prescribed by the Bankruptcy

Code and is entitled to the benefits of the automatic stay and his discharge without harassment

from the creditor that was the driving force behind his bankruptcy filing, Harris.  Respondents

argue that Ara is not entitled to relief because State Law allegedly mandates a deficiency

judgment. By doing so, Respondents continue to trivialize and undermine the automatic stay and

discharge injunction and their broad protections as well ignore the Chapter 13 claims process

mandated in this Bankruptcy Proceeding. As set forth below, the entry of a deficiency judgment

in the amount of $190,224.05 and the failure to vacate that deficiency judgment is one of

numerous willful acts committed by Harris and E&E that violated the automatic stay discharge

injunction.   It was the tipping point that compelled Ara to seek judicial enforcement of his

discharge. As demonstrated below, Ara seeking judicial intervention was not a knee-jerk reaction

to capitalize on a mistake; it was necessary to protect his rights and allow him to enjoy the "fresh

start" contemplated by bankruptcy legislation. The undisputed facts demonstrate that

Respondents willfully violated and continue to violate the automatic stay and the discharge

injunction and that Ara is entitled to relief as a matter of law.

Although the Court granted relief from the Automatic Stay to Harris on November 13,

2013, the language of the Court's Order permits actions to foreclose on the property only.

Nothing in the November 13, 2013 Order allows a Judgment to be taken against Ara.  If

Bankruptcy Law was as described by Respondents, creditors in the position of Respondents

would never file a Proof of Claim as Debtors could never discharge a mortgage not treated under

11 USC 1325(a)(5) as a part of the surrender of property in a Chapter 13 case.  Unfortunately for

Respondents, 11 USC 1328(a) and specifically 11 USC 1328(a)(1)  provides that the Chapter 13

Plan and resulting Discharge in this case does in fact discharge any debt owed by the Debtor to

Harris.   Even if Respondents' bizarre argument that the automatic stay had no effect the Chapter

13 Discharge would be effective.   The biggest problem as a result of Respondents efforts is the

failure even to this date to vacate the Deficiency Judgment.   The Deficiency Judgment remains

in full force and effect as a Judgment of the Circuit Court of Cook County preventing the Debtor from the full effect of his Bankruptcy case and specifically the Automatic Stay and Discharge.

"The automatic stay and discharge injunction are cornerstones of bankruptcy law. They are, respectively, a fundamental debtor protection and a fundamental debtor objective. The automatic stay assists debtors in regaining their financial footing by allowing them to do so free from collection efforts. And, having successfully completed the bankruptcy process, discharge provides debtors with a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt. But the automatic stay and discharge injunction must be enforced to provide any meaningful protection or incentive." *In re Curtis*, 322 B.R. 470, 483 (Bankr.D Mass.2005).

"If the court finds that the creditor received notice of the discharge in bankruptcy, then the debtor will have to prove only that the creditor intended the actions which violated the injunction." *Faust v. Texaco Ref. and Mktg, Inc*., 270 B.R. 310, 315 (Bankr.M.D.Ga.1998).

In the case at bar, it is undisputed that Respondents: knew about Ara's Bankruptcy; actively participated in Ara's Bankruptcy; knew of Ara's pending Discharge; and proceeded to take a deficiency judgment against Ara personally. There is no possible argument that can be made to say that Respondents complied with the Bankruptcy Code and this Court's Automatic Stay and Order of Discharge. The violation of Respondents was willful and the Motion for Civil Contempt should be granted in his favor and against both Respondents.

## **RELEVANT FACTS**

On or about June 22, 2006, Ara obtained a mortgage loan ("subject debt") from Harris N.A. to fund the purchase of the property located at 6860 W. Lincoln Avenue, Lincolnwood, Illinois 60712 now known as BMO Harris Bank, NA ("Harris").

On October 23, 2013, Ara filed for relief under Chapter 13 of Title 11 of the United

States Code, case number 13-41509, in the Northern District of Illinois.  In the Bankruptcy case,

BMO filed a Motion for relief from the Automatic Stay which was heard on November 13, 2013.

The Court granted the Motion as to Ranka Ara but the Debtor is not mentioned by name in the

November 13, 2013 order.

The November 13, 2013 order stated:

> IT IS HEREBY ORDERED: 1) The automatic stay and co-debtor stay with regard to Ranka
> Ara is hereby modified in favor of BMO Harris Bank, N.A. with regard to property known as:
> 6860 N. Lincoln Avenue, Lincolnwood, IL 60712 , and as such, BMO Harris Bank, N.A.
> f/k/a Harris N.A. is permitted to take any action to foreclose on the property as allowed or
> required by Illinois law. Rule 4001(a)(3) is waived.

No mention is made in November 13, 2013 order of Ara.  Harris was never given

permission by the Bankruptcy Court to take any action except to "take any action to foreclose on

the property as allowed or required by Illinois Law."

On November 7, 2014, Harris through Counsel E&E entered an In Personam Deficiency

Judgment against Ara in the amount of $190,224.05. A Memorandum of Judgment was entered

on November 7, 2014 as well.

Ara received his discharge on March 18, 2015 and Ara filed a case in the United States

District Court against Harris and E&E on April 1, 2015.  As a result of the District Court case

and later this Motion begin filed, Respondents certainly knew of the Chapter 13 Discharge but

have never vacated the erroneous In Personam judgment.  Ara filed this action against

Respondents for their intentional act of pursuing a In Personam judgment that was in violation of

the Bankruptcy Code.

## <u>ARGUMENT</u>

I.    **Relief from the Automatic Stay Applies to the Property of the Estate Only and Not the Individual Debtor.**

11 U.S.C. §362 states, "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay - with respect to a stay of an act against property under subsection (a) of this section … (d)(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; and (d)(2), On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay - with respect to a stay of an act against property under subsection (a) of this section, if (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization."

As stated above §362(d)(1) and (2) provides for the lifting or modification of the automatic stay. Ara concedes that the stay was properly lifted. However, the lifting of the stay is not what is at issue in this case. This case is also about exceeding the bounds of the stay relief and pursuing an In Personam judgment against Ara in violation of the Bankruptcy Code. There is no question that the actions of Respondents were intentional. They were well aware of the Bankruptcy and are well versed in the Bankruptcy Code. The unique arguments of Respondents were only created by counsel for Respondents to fit the facts to a theory of law.

A creditor can get relief from the automatic stay under §362(d)(1) and (2). However, the relief only extends to allow a creditor to enforce its lien; as the stay applies to the enforcement of liens only. *Penrod v. Financial Institutions Liquidation Corporation,* 50 F.3d 459 (C.A.7 (Ind, 1995). There are ways in which a creditor can participate in the Bankruptcy if they are looking

for monetary compensation, however, an In Personam judgment in the State Court, is not one of them.

Respondents argue that obtaining an In Personam judgment against Ara did not violate the Bankruptcy Code because it had obtained relief from the automatic stay even though a discharge order in the bankruptcy had been entered. Harris' motion for relief from the automatic stay was made under 11 U.S.C. § 362(d), which provides in relevant part that the bankruptcy court shall grant a relief from the stay "with respect to a stay of *an act against property*. . . if the debtor does not have an equity in such property; and such property is not necessary to an effective reorganization[.]" 11 U.S.C. §362(d)(2).

As far back as 1940, the United States Supreme Court has held that judgments entered in violation of an automatic stay in bankruptcy are void ab initio and subject to collateral attack, even if the state court has (erroneously) determined that the automatic stay does not apply to the proceeding in which the order is entered. This is precisely the holding of *Kalb v. Feuerstein*, 308 U.S. 433, 60 S. Ct. 343, 84 L. Ed. 370, (1940), the decision that, as discussed above, originated the rule of voidness for judgments entered in violation of a bankruptcy stay. *In re Benalcazar*, 2002 Bankr. LEXIS 1240, *27-28, 283 B.R. 514 (Bankr. N.D. Ill. 2002). The Debtor in a bankruptcy is not required to take affirmative action, the creditor is supposed to fix there errors at no cost to the debtor immediately which has not happened in this case.

11 U.S.C. § 362(d), provides for relief from the automatic stay against **property**, not the individual debtor. The language of the Bankruptcy Court's order supports this notion that the stay relief is permitted to take any action to foreclose on the property as allowed or required by Illinois Law. Nowhere in the Order, does the Bankruptcy Court allow Harris to proceed against Ara personally.  As any such language would violate the premise behind the entire Bankruptcy

Code and procedures.  This is exactly what the Chapter 13 Claims process is designed to prevent.

Respondents exceeded the scope of the relief from the automatic stay and the Chapter 13 process

in general. Its conduct was unlawful under the Bankruptcy Code, thus any attempt to collect

from the Ara is not legally permissible.

The Seventh Circuit has held that a creditor exceeding the scope of relief granted from an

automatic stay is a cause of action under the Bankruptcy Code. In *Swanson v. Indiana*, 23 Fed.

Appx. 590 (7th Cir. 2001), the Seventh Circuit held that the alleged facts in *Swanson* showed

that the creditor exceeded the scope of relief that was granted by the Bankruptcy Court's order

and therefore the creditor violated the automatic stay. *Id*. at 591.

Both exceeding the scope of the relief from the automatic stay and Discharge Injunction

were unlawful under the Bankruptcy Code.   "A demand for immediate payment while a debtor

is in bankruptcy (or after the debt's discharge) is 'false' in the sense that it asserts that money is

due, although, because of the automatic stay (11 U.S.C. § 362) or the discharge injunction (11

U.S.C. § 524), it is not." *Randolph v. IMBS, Inc*., 368 F.3d 726, 728 (7th Cir. 2004).

Respondents want this Court to believe that since relief from the automatic stay was

granted they were allowed to enforce the debt against Ara personally. The argument

that Harris was permitted to obtain an In Personam judgment against Ara following the filing of

his bankruptcy petition and Ara's discharge defies United Stated Supreme Court precedent and

the United States Constitution.

Essentially, in doing so Respondents are arguing that the state foreclosure proceeding is

superior to Federal Law and specifically the Bankruptcy Code.   Judge Chang of the Northern

Illinois District Court in *Melnarowicz vs. Pierce & Associates*, 14-cv-7814 (August 17, 2015-

Document 45) stated  in response to a similar argument, " This theme is not compelling for

several reasons. First, if there is a conflict between federal law and a state law, then the federal

law wins. U.S Const. art. VI, cl. 2 ("This Constitution, and the Laws of the United States … shall

be the supreme law of the land … anything in the constitution or laws of any state to the contrary

notwithstanding.").

The Supreme Court has additionally stated that bankruptcy extinguishes actions against

debtors In Personam while leaving intact actions against debtors in rem. *Johnson v. Home St.

Bank*, 501 U.S. 78, 84, 111 S. Ct. 2150, 115 L. Ed. 2d 66 (1991); *see also In re Redmond*, 380

B.R. 179, 189 (Bankr. N.D. Ill. 2007) *subsequently aff'd sub nom. Redmond v. Fifth Third Bank*,

624 F.3d 793 (7th Cir. 2010) ("[A] discharge voids personal judgments against the debtor (§

524(a)(1)) and operates as an injunction against acts to collect debts 'as a personal liability of the

debtor' (§ 524(a)(2)), but it does not avoid prepetition liens."). Allowing a pre-petition creditor to

obtain an *In Personam* judgment against a debtor in bankruptcy would be contrary to the purpose

of the bankruptcy laws. *See Marrama v. Citizens Bank of Mass*., 549 U.S. 365, 367, 127 S. Ct.

1105, 166 L. Ed. 2d 956 (2007) ("The principal purpose of the Bankruptcy Code is to grant a

'fresh start' to the 'honest but unfortunate debtor.'") quoted from *Coulter v. Manley Deas

Kochalski LLC*, 2014 U.S. Dist. LEXIS 64731, *3-8, 2014 WL 1891206 (S.D. Ind. May 9, 2014)

## II.    Mortgages that survive discharge provide only *in rem* liability

The principal  purpose for individuals to file for bankruptcy relief is to grant a "fresh start

to the honest but unfortunate debtor." *Marrama v. Citizens Bank*, 549 U.S. 365, 367, 127 S. Ct.

1105, 166 L. Ed. 2d 956 (2007). A bankruptcy discharge "releases" the debtor from liability on

outstanding obligations with respect to any discharged debt. *See Tenn. Student Assistance Corp.

v. Hood*, 541 U.S. 440, 447, 124 S. Ct. 1905, 158 L. Ed. 2d 764 (2004).

Under 11 U.S.C. § 524(a)(2), a discharge from bankruptcy operates as an injunction against In Personam claims against a debtor.  It protects the debtor from a subsequent suit in a state court, or any other act to collect, by a creditor whose claim had been discharged. *Allan N. Resnick and Henry J. Sommer*, 4 <u>Collier on Bankruptcy</u>, § 524.02 (16th Ed. 2011). The discharge injunction helps to ensure that the debtor's "fresh start" is realized by prohibiting creditors from attempting to collect discharged debts.

Section 524(a) of the Bankruptcy Code does not bar creditors from enforcing valid, pre-bankruptcy liens or security interests against properties that have been retained by the estate or by the debtor after discharge. Any lien not invalidated or avoided survives the debtor's discharge. *See Lee v. Yeutter*, 917 F.2d 1104 (8th Cir. 1990) (discharge relieves debtor of personal obligation to repay debt but lien may remain on property); *In re McNeil*, 128 B.R. 603 (Bankr. E.D. Pa. 1991) (secured creditor need take no action during bankruptcy case to preserve lien except to defend against an attempt to avoid the lien). A Lien that can survive a discharge is the *in rem* liability of a mortgage. The Code provides that a creditor's right to foreclose on a mortgage survives or passes through the bankruptcy because a bankruptcy discharge only extinguishes the In Personam liability of the debtor, not the *in rem* liability. <u>See</u> 11 U.S.C. § 522(c)(2); *Johnson v. Home State Bank*, 501 U.S. 78, 84, 111 S. Ct. 2150, 2154, 115 L. Ed. 2d 66, 75 (1991) ("a bankruptcy discharge extinguishes only one mode of enforcing a claim - namely, an action against the debtor *In Personam*; while leaving intact another - namely, an action against the debtor *in rem*").

While a secured creditor may retain a lien on property of the debtor that could be enforced by an in rem action, the creditor may not attempt to collect the debt as a personal liability by seeking money damages. In *Martin v. Avco Fin. Servs. (In re Martin)*, 157 B.R. 268

(Bankr. W.D. Va. 1993), the Court ruled that a creditor violated the discharge injunction by filing a suit in state court seeking the value of collateral as an alternative relief to the return of its collateral after discharge.  Also see; Matter of Hunter, 970 F.2d 299, 310 (7th Cir. 1992).

In *Morales v. Doral Bank (In re Morales)*, 2012 Bankr. LEXIS 907, *12-18, 67 Collier Bankr. Cas. 2d (MB) 658, 2012 WL 527174 (Bankr. D.P.R. Feb. 15, 2012), the Court held that Doral Bank was automatically enjoined to file a foreclosure proceeding against Plaintiffs post-discharge that sought personal liability for the deficiency of the value of the Real Property.  The court finds that Doral violated the discharge injunction when it filed a Foreclosure Complaint that expressly requested in its prayer for relief Plaintiffs' In Personam liability in deficiency in value of the Real Property.

In the case at bar, Ara alleges that: by obtaining an *In Personam* judgment against him in the foreclosure action while he was in a pending bankruptcy, issuing a memorandum of judgment, failing to correct and void the improper judgment during the bankruptcy and post discharge (with actual knowledge of the improper judgment), allowing the erroneous judgment to remain on the Ara's credit report violated the Bankruptcy Code.   The Debtor's injury is ongoing since the deficiency judgment has not been vacated not attempted to be vacated.

### III.    The Stay Relief Order granted BMO Harris relief from the automatic stay and the co-debtor stay with regard to the non-filing, co-debtor Ranka Ara.

The plain language of the Order states, "1) The automatic stay and co-debtor stay with regard to Rank Ara is hereby modified in favor of BMO Harris Bank, N.A. …" The Order does not make reference to the Debtor nor does it make reference to the statute in which the Order is pursuant to.  A Court Order should stand on its own and the interpretation of the order should be as to the Plain language in the order itself.

A person who reads a court order should not have to read into the intent of the drafter.  If this order was meant to apply to Ara as well as the co-debtor Ranka Ara, the order should have specifically stated that.  It did not. Based upon the plain language of the order, Stay Relief was granted only as to the Co-Debtor Ranka Ara.

### IV.   The Stay Relief Order did not authorized BMO Harris to obtain a deficiency judgment against the Debtor -- a deficiency judgment is not required under Illinois mortgage foreclosure law.

Respondents want this Court to believe that the Illinois Mortgage Foreclosure Law [735 ILCS 5/15-1501, et seq.](the "IMFL") requires the lender to enter a deficiency judgement.  In support for this argument Respondents quote "[i]n any order confirming a sale pursuant to the judgment of foreclosure, the court shall also enter a personal judgment for deficiency against any party (i) if otherwise authorized and (ii) to the extent requested in the complaint and proven upon presentment of the report of sale in accordance with Section 15-1508." 735 ILCS 5/15-1508(e).

It is true that the statute allows for a deficiency judgment, however, how this statute makes a deficiency judgment a requirement is beyond imagination.  Respondents look to New York and Pennsylvania caselaw. *In re Tyler*, 166 B.R. 21, 1994 Bankr. LEXIS 501 (Bankr. W.D.N.Y. 1994) can easily be distinguished from the case at bar.  New York law does in fact require a deficiency judgment to be entered within 90 days of sale, or the account is deemed paid in full.  As such seeking a deficiency judgment was part of the process to foreclose on the property.  Here the Stay Relief Order specifically stated that relief was granted to allow the bank to do what was allowed under Illinois Law to foreclose on the Property.  Seeking a deficiency judgment has nothing to do with foreclosing on the property.  If Respondents' intent was to seek a unsecured claim for the deficiency amount all they would have needed to do was file an amended proof of claim, no state court judgment would have been required.

*Interbusiness Bank, N.A. v. First National Bank of Mifflintown*, 328 F.Supp.2d 522 (M.D.Penn. 2004), is a second case in which the Respondents attempt to convince this Court that the stay relief Order allowed the Respondents to seek a deficiency judgment. Once again this case misses the mark. Pennsylvania has a deficiency judgment act in which the Act's six-month limitations period was not tolled during the pendency of a bankruptcy action. In *Interbusiness Bank, N.A.* the failure to file a petition to fix value following the foreclosure sale rendered the underlying debt satisfied, extinguished the creditor's security interest in the debtor's collateral. This is not what is at issue in this case. Here we are simply discussing the fact that Respondents entered a deficiency judgment against Ara in violation of this court's Stay Relief Order and later in violation of this Court's Discharge Order.

Respondents also argue that if they did not pursue the Deficiency Judgment, they would later be barred from doing so as any such judgment would be barred by Res Judicata. This statement by Respondents clearly shows they just do not understand the Bankruptcy Discharge. A creditor and law firm who daily appear before the Bankruptcy Court are arguing that if they failed to get the deficiency judgment Harris would be barred by res judicata. If Respondents sought an In Rem deficiency judgment, this motion would never have been filed. That is not what Respondents did. They sought a personal judgment. The Bankruptcy Code bars not only the seeking of the in personam judgment but any action to enforce any such judgment.

### V.      BMO Harris failure to take action exasperates the violation

It is irrelevant whether Respondents took specific action in order to enforce the ill gotten judgment. What is significant is the simple fact that Respondents sought a judgment against a Debtor in Bankruptcy, the underlying debt was in fact discharged, and the Respondents to date still have a personal judgment against Ara seven months after discharge was entered.

Respondents have refused to correct the improper judgment and to date, Ara is still facing the effects of a large judgment on his credit report and the inability to obtain the benefits of this Chapter Discharge still affect the Debtor in this daily life.   The reason for this is there is a public record of the deficiency judgment which has affected the debtor from being able to open bank accounts or other accounts.   Any creditor or bank which sees a large judgment is chased away from the Debtor.  These affects will continue.  Additionally, the Debtor has incurred substantial attorney fees in enforcing the automatic stay and discharge injunction.

### VI.    Debtors Have Met Their Burden in Establishing a Willful Violation of the Discharge Injunction

Under 11 U.S.C. §524(a)(2), "a bankruptcy discharge operates as an injunction against any act to collect a discharged debt as a personal liability of the Debtors." *Kovacs v. U.S.,* 614 F.3d 666, 672 (7th Cir. 2010). "The protections afforded by the discharge injunction are very broad, effectuating a financial fresh start for the Debtor and insuring that the Debtor will not be pressured in any way to repay debts which have been discharged. Because of its fundamental importance, the discharge injunction requires a combination of respect and deference by the Debtor's prepetition creditors." *In re Butler,* 2011 Bankr. LEXIS 676, at *25 (C.D. Ill. 2011) "The burden of proof is on the former Debtor to establish by clear and convincing evidence that the creditor violated the post-discharge injunction." *In re Andrus,* 184 B.R. 311, 315 (Bankr. N.D. Ill.1995). The appropriate standard to apply to determine whether a violation of the post-discharge injunction was willful is for the court to focus not on the subjective intent of the alleged violators, but rather on whether their conduct complied with the discharge order. *In re Cherry, III*, 247 B.R. 176, 187 (Bankr. E.D. Va. 2000). See also *Hardy v. United States (In re Hardy)*, 97 F.3d 1384, 1390 (11th Cir. 1996). The test applicable to the determination of a willful violation of the automatic stay under § 362 is equally applicable to the determination of willful

violation of the post-discharge injunction under § 524. *Id.* at 1389. *Hardy* held that the defendant would be found in contempt of the post-discharge injunction if: (1) she knew of the post-discharge injunction and, (2) intended the actions which violated the injunction. Id. at 1390. *In re Pincombe*, 256 B.R. 774, 783, 2000 Bankr. LEXIS 1450, *19-20 (Bankr. N.D. Ill. 2000).

Here, Respondents concede that they caused an in personam judgment to be entered against Ara. However, the Respondents view their contemptuous conduct as allowed because they had stay relief. Respondents' classification of their conduct is wrong. Respondents cannot, and do not, allege that they did not have knowledge of Ara's bankruptcy and subsequent discharge as Respondents received notice on the Bankruptcy Filing, Meeting of Creditors and Discharge from the Bankruptcy Noticing Center. As a result, and through Respondents' own admissions, Ara has established by clear and convincing evidence that Respondents have violated the discharge injunction by willfully Respondents could have chosen to obtain an In Rem judgment but chose to go after Ara personally. As a result, Ara has met his burden in establishing that Respondents violated the discharge injunction and is entitled to damages.

### VII.    Ara is Entitled To Damages for Respondents' Contemptuous Conduct

If a willful violation is demonstrated, both actual and punitive damages are available. *Randolph v. IMBS, Inc.,* 368 F.3d 726, 728 (7th Cir. 2004). In the context of a willful violation of the discharge injunction, the bankruptcy court may award actual damages and attorneys' fees to Ara as a civil contempt sanction. *Walls v. Wells Fargo, N.A.,* 276 F.3d 502, 507 (9th Cir. 2002). "Compensatory civil contempt allows an aggrieved Debtors to obtain compensatory damages, attorneys fees, and the offending creditor's compliance with the discharge injunction." *In re Nash,* 464 B.R. 874, 800 (9th Cir. BAP 2012).

14

Respondents response states that Ara cannot be awarded damages as the judgment was allowable.  However, the plan language of the Order, combined wthe the Bankruptcy Code and Discharge Order states differently. *See Rediger Invs. Corp. v. Granados Communs, Inc.* 503 B.R. 726, 737 (9th Cir. 2013) (finding that the onus is on the creditor to comply with the discharge injunction); *see also In re Roche,* 361 B.R. 615, 622 (Bankr. N.D. Ga. 2005) (holding that the burden of upholding the protections of the bankruptcy code is on the creditor rather than the Debtors).  Even if Respondents' actions were not deliberate and made in error, they are still liable for their actions as "a creditor's deliberate intent to violate the injunction is not necessary." *In re Manzanares,* 345 B.R. 773, 790-91 (Bankr. S.D. Fla. 2006). Moreover, "if a creditor's conduct violates the injunction, good faith is no defense." *In re Elias,* 98 B.R. 332, 337 (N.D. Ill. 1989). Since the purpose of civil contempt is remedial, it matters not with what intent the defendant did the prohibited act; an act does not cease to be a violation merely because it may have been done innocently. *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191 (1949).

**WHEREFORE,** the Debtor, Damir Ara respectfully pray that this Honorable Court enter an order granting Debtor Motion Seeking Sanctions for Civil Contempt and set an Evidentiary Hearing on Damages and for any other relief that this Honorable Court may deem just and proper.

Dated: September 23, 2015                     Respectfully Submitted,

/s/ Paul M. Bach
Paul M. Bach, Esq., ARDC#: 6209530
Sulaiman Law Group, Ltd.
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone: (630) 575-8181